IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.: 22-cr-00202-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.        DHRUV JANI,
2.        JAMES ALBERT WITTE,
3.        JASON LEE HENDERSON,

    Defendants.

---

**MOTION FOR ENTRY OF UNOPPOSED PROTECTIVE ORDER**

---

Pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the United States hereby moves this Court for the entry of the attached protective order regulating the use, dissemination, and disposition of certain discovery material in the above-captioned case, and states as follows in support thereof:

1.      On July 20, 2022, the grand jury returned a superseding indictment charging all three Defendants with Conspiracy to Commit Money Laundering, in violation of Title 18, United States Code, Sections 1956(h) and (a)(1)(B)(i), and individually with substantive count(s) of money laundering in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).  ECF 13.

2.      Pursuant to the Discovery Orders entered, the government is to provide discovery to the Defendants by August 9, 2022.  ECF 23, 25, and 38.

3. In the course of the investigation, the United States obtained the names, dates of birth, social security numbers, bank account information, and personal addresses of the approximately 50 alleged victims who were convinced by alleged coconspirators to mail cash to fake names at the addresses of various Walgreens stores in northeastern Colorado. ECF 13 at 2-3, 6 (hereinafter "Protected Discovery Material"). The government also obtained the bank account information and records for approximately 28 individuals (third parties) into whose accounts money orders were deposited during the course of the scheme.

4. Accordingly, the Protected Discovery Material may contain personal, sensitive, or proprietary information of the alleged victims in this case as well as these third parties whose accounts were used for receipt of the funds from the scheme.

5. To ensure compliance with the United States' discovery obligations and to expedite the exchange of discovery material between the parties, the United States seeks to disclose the Protected Discovery Material to the Defendants pursuant to the unopposed protective order ("the Protective Order").

6. Rule 16(d)(1) of the Federal Rules of Criminal Procedure, entitled "Protective and Modifying Orders," authorizes this Court to "deny, restrict, or defer discovery or inspection, or grant other appropriate relief" upon a showing of good cause.

7. Here, there is good cause for this Court to restrict the Defendants' use, dissemination and disposition of the Protected Discovery Material according to the terms set forth in the Protective Order because: it will expedite the disclosure of discovery to Defendants by eliminating the need for the United States to perform a document-by-document evaluation of the relevance and sensitivity of the information contained in the materials, and it will allow the United States to provide extensive discovery to the Defendants, while protecting the personal

identifying information of the alleged victims and third parties in this case, and the Protected Discovery Material includes voluminous personal identifying information belonging to the alleged victims and third parties that cannot reasonably be redacted from discovery.

8.   Undersigned counsel has conferred with counsel for the Defendants, and the Defendants do not object to the entry of the proposed Protective Order.

9.   For these reasons, the United States respectfully requests that this Court enter the limitations on the Defendants' use, dissemination and disposition of the Protected Discovery Material set forth in the proposed protective order that is attached to this motion.

Respectfully submitted,

COLE FINEGAN
United States Attorney

By:   /s/ *Martha A. Paluch*
MARTHA A. PALUCH
Assistant U.S. Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, CO  80202
Martha.paluch@usdoj.gov
303-454-0100

Dated:   August 3, 2022