IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.: 22-cr-00202-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    DHRUV JANI,
2.    JAMES ALBERT WITTE,
3.    JASON LEE HENDERSON,

    Defendants.

---

## PROTECTIVE ORDER

---

Upon the Unopposed Motion for the Government pursuant to Federal Rule of Criminal Procedure 16(d)(1) ("the motion"), the Court finds that good cause has been established to enter a Protective Order concerning the use, dissemination and disposition of certain information that may be disclosed in the course of discovery proceedings in this case. The Court grants the motion and hereby ORDERS the following:

1.    The term "Protected Discovery Material" means the names, dates of birth, social security numbers, bank account information, and personal addresses of the approximately 50 alleged victims and approximately 28 third parties in this case. Protection of this highly sensitive personally identifiable information and financial documentation is warranted in that disclosure of this information would cause the alleged victims and third parties in this case to suffer serious personal hardship, embarrassment, or other significant privacy intrusion.

2.    <u>Use of Protected Discovery Material.</u>  Defendants and defense counsel shall only use the Protected Discovery Material to prepare a defense in this case, including investigation,

trial preparation, trial, and appeal.  The Protected Discovery Material shall not be used for any other purpose, or in connection with any other proceeding, without further order of this Court.

3. <u>Access to Protected Discovery Material.</u>  Defense counsel shall not disclose the Protected Discovery Material to any person or entity other than their respective Defendant, agents of defense counsel who are directly assisting in the representation of their respective Defendant (including any office staff of defense counsel), any expert witnesses retained by that Defendant, any investigators retained by that Defendant, any fact witnesses (and their counsel) who are interviewed by defense counsel for purposes of preparing a defense in this case, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons").

4. <u>Limits on Disclosure</u>.  Authorized persons who review or retain Protected Discovery Material in the manner described above must ensure that the Protected Discovery Material, any necessary copies, or their contents thereof, are not relinquished or disseminated, physically or electronically, to any non-authorized person without further order of the Court.

5. <u>Notice of Protective Order.</u>  Defense counsel will inform all authorized persons having access to the Protected Discovery Material of the contents of this Protective Order, and its terms will be binding upon those persons.

6. <u>Leave of Court.</u>  Defense counsel will obtain leave of the Court before disseminating Protected Discovery Material to anyone other than authorized persons.

7. <u>Control of Protected Discovery Material.</u>  Defense counsel, including staff, paralegals, legal assistants, and secretaries, shall remain in control of the Protected Discovery Material, including any copies thereof, until the final resolution of this case.

8. <u>Copies.</u>  Protected Discovery Material shall only be copied by defense counsel, including office staff and agents of defense counsel, and any potential expert witnesses or expert

witnesses retained by the respective Defendant, to the extent necessary to prepare the defense of the case. Potential witnesses and their counsel, and Defendants, may be shown copies of the materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court.

9. <u>Storage of Protected Discovery Material.</u>  The Protected Discovery Material is to be stored in a manner that protects it from unauthorized disclosure.

10. <u>Additional Representatives.</u>  Any counsel of record who is retained or appointed to represent a Defendant, or who is later relieved of representation of a Defendant, is bound by the terms of this Order unless excused from its terms by Court Order.

11. <u>Resolution of Case.</u>  Upon resolution of all stages of this case, defense counsel may retain electronic copies of materials protected by this Order. The digital files shall be maintained in a manner consistent with this Order. The obligations imposed by this Protective Order survive the final resolution of this case, and the Court shall retain jurisdiction after such final determination for the limited purpose of enforcing the provisions of this Protective Order until and unless the Court decides otherwise.

12. <u>Filing Copies of Protected Discovery Materials.</u>  Copies of the Protected Discovery Material filed with the Court must be redacted to protect the personal identifying information of the alleged victim(s) or filed under seal to retain the confidential nature of the materials unless consent to filing in the public record is obtained from an attorney for the government.

13. <u>Incarcerated Defendant(s).</u> The government shall make arrangements with any and all institutions where the defendant(s) are detained so that a set of the discovery materials can be maintained at each institution for inspection by the defendant(s). Defendant(s) are

prohibited from copying the materials or maintaining personal copies of any such materials and shall be prohibited from transporting any of these materials to his cellblock.

14. <u>Judicial Proceedings.</u>  The restrictions set forth in this Protective Order do not apply to documents once they have become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of Protected Discovery Material in judicial proceedings in this case unless the Protected Discovery Material contains highly sensitive information, such as the personally identifiable information discussed herein.  Protected Discovery Material containing such highly sensitive information shall not be disclosed in Judicial Proceedings without prior order of the court, including by attaching or referring to any information contained therein in public court filings, unless defense counsel and government counsel agree that the personally identifiable information of the alleged victim(s) and/or third parties may be properly redacted.

15. In the event the defense and the government agree that certain materials or documents should be exempted from the limits otherwise imposed by this Order, they may exempt such material by mutual agreement.  Conversely, if the parties cannot agree on redaction as an appropriate remedy for some of the material, they will seek a ruling by the Court.  Similarly, in the event the defense and the government disagree or are unclear about the meaning or application of this Order with respect to some document, digital file, photograph or other material in the case, the parties may bring the issue to the attention of the Court.

16.     Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

_____
The Honorable RAYMOND P. MOORE
United States District Judge
United States District Court for the District of Colorado

Date: _____