IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 22-cr-00202-RM-1

UNITED STATES OF AMERICA,

   Plaintiff,

v.

1.  **DHRUV JANI,**

   **Defendant.**

---

**DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE ONE HUNDRED EIGHTY (180) DAYS FROM THE SPEEDY TRIAL ACT AND TO EXTEND PRETRIAL MOTIONS DEADLINE**

---

The defendant, Dhruv Jani ("Mr. Jani"), by and through undersigned counsel, David E. Johnson, hereby moves this Court for an Order excluding one hundred eighty (180) days from the speedy trial time limitations and correspondingly to extend the deadline for filing pretrial motions. The government does not oppose the Motion. In support of this Unopposed Motion, Mr. Jani states as follows:

I. **Introduction**

 A. **Procedural Background**

 1. On July 9, 2021, the government filed a Criminal Complaint against Mr. Jani, alleging a violation of 18 U.S.C. § 1028(a)(3), (f), conspiracy to possess five or more identification documents. Doc. 1. Almost a year later, on June 21, 2022, a seven (7) count Indictment was filed. Doc.5. One month after that, on July 20, 2022, a Superseding Indictment was filed alleging 7 counts against Mr. Jani; two co-defendants were added in the Superseding Indictment. *See* Doc.13.

2.      In the Superseding Indictment, Mr. Jani is charged with Conspiracy to Commit Money Laundering (Count 1), Money Laundering (Counts 2-6), and Transmitting a Threat (Count 7). Doc. 13.

3.      Mr. Jani was arrested and had his initial appearance in Colorado on July 26, 2022. *See* Doc. 17. Counsel was appointed, and undersigned counsel entered his appearance the next day on July 27, 2022. Doc. 29. Mr. Jani remains in custody.

4.      Both of Mr. Jani's co-defendants have filed a Notice of Disposition in this case. *See* Docs. 59, 68.

5.      Since counsel entered his appearance in this case, the government has provided a continuous stream of voluminous discovery. Additional details will be provided below. Counsel has been in the process of reviewing discovery. Counsel has also spoken with government counsel about the case on several occasions. Counsel has acted diligently. However, the complexity of this case requires a significant exclusion of time.

6.      Trial is currently scheduled to begin January 30, 2023, with a preparation conference set for January 20, 2023. *See* Doc.56 at 5-6. Pretrial motions are currently due November 23, 2022. Doc. 72.

**B.      Speedy Trial Calculation**

7.      The current Speedy Trial Act ("STA") 70-day time limit, exclusive of tolled time, has previously been extended to February 2, 2023. Doc. 56 at 5. Since Mr. Jani's initial appearance on July 26, 2022, *see* Doc. 19, counsel calculates seventeen (17)

days have run off the STA clock.[1]  As a result, fifty-three (53) days remain on the original 70-day period.

## II.      Justification for an Extension

8.      This case primarily involves an alleged complex fraud scheme. The discovery is voluminous, and the case is complex.

9.      Although counsel has been diligent in the case, counsel has identified several tasks that will be necessary to complete in order to represent Mr. Jani effectively.

10.      Most significantly, counsel needs additional time to review the discovery, which is voluminous. It was voluminous on August 15, as explained in a previous filing. *See* Doc. 51 at 4 (paragraph 11). Since then, additional discovery has continued to be disclosed. Specifically, the government has provided disclosures of discovery on August 5, August 8, August 12, August 22, August 24, September 7, September 13, September 30, October 14, October 26, November 3, and most recently on November 21, 2022.

11.      Discovery consists of tens of thousands of pages of materials. The government's investigation (INV) discovery is over 10,000 pages. In addition to that are an additional approximate 4,300 documents and approximately 50 spreadsheets. The contents of approximately 8 communication devices have been disclosed in discovery. And hours upon hours of audio and visual files have been disclosed in discovery.

---

[1]   The STA Clock was running from July 27 through August 2, tolled August 3 through August 4 due to the filing of Docs. 46 and 47, and running again from August 5 through August 14. The STA clock was tolled on August 15 due to the filing of Doc. 51, and then on August 22, this Court Granted an Exclusion of 120 days, *see* Doc. 56.

Suffice to say that a substantial additional amount of time will need to be devoted to reviewing the discovery in this case.

12.     Government counsel has communicated to undersigned counsel that she believes, at this time, all of the government's discovery has been disclosed. Specifically, as of November 21, the government believes it is no longer waiting for any further discovery to be processed. In short, since Mr. Jani's initial appearance on July 26, it has taken the government four months to process all of its discovery materials.

13.     The parties have conferred on this case, and have been diligent in their conferral. That conferral is ongoing.

14.     Counsel will also need additional time to meet with and advise Mr. Jani. Since counsel entered his appearance in this case, he has meet with Mr. Jani via phone or in person on several occasions.

15.     However, further complicating matters is that on October 21, 2022, Mr. Jani was transported out of state for pretrial detention. Specifically, Mr. Jani is now being held in Torrington, Wyoming, approximately three (3) hours from counsel's office. Counsel will need additional time for travel and meeting with Mr. Jani.

16.     Nevertheless, counsel has been diligent. Counsel's office has been in the process of organizing the case's voluminous discovery. Counsel has begun to review discovery. As explained above, counsel has also spoken with Mr. Jani about the case and has conferred with the government.

17.     Once counsel has reviewed more of the discovery – including the INV materials and the communication devices – potential avenues of investigation and

defense will need to be developed. Additional time is needed to undergo a thorough investigation in this case.

18.     Potential pretrial motions may need to be prepared. Counsel has already begun researching at least one potential pretrial motion as it relates to one of the counts against Mr. Jani. Additional time is needed to complete research and preparation of pretrial motions.

19.     Counsel also needs additional time to research the potential consequences that may result, should Mr. Jani be convicted in this case. Specifically, the guideline calculation in this case is complicated by the existence of several possible enhancements that may or may not apply. Counsel and the government have discussed the guideline calculation, but counsel needs additional time to estimate his own calculation. Counsel will then need time, again, to advise Mr. Jani and explain the Guidelines and how they may apply in this case.

20.     Finally, undersigned counsel needs additional time to prepare for trial, should trial be necessary. Counsel must conduct an in-depth evaluation of possible defenses to the allegations contained in the Indictment. Given counsel's current caseload and calendar, as well as the complexities of this case, counsel will be unable to effectively represent Mr. Jani under the current dates and deadlines.

21.     Based on the above, despite counsel and his office's diligence and devotion of time thus far into Mr. Jani's case, additional time is necessary for counsel to completely review discovery, meet with Mr. Jani, make an additional discovery request (if necessary), conduct a full investigation, advise Mr. Jani on how to proceed in this case, as well as the consequences of those options, and to prepare for trial.

22.     Counsel does not believe he will be able to effectively represent Mr. Jani on such matters under the currently set deadlines and dates. Accordingly, it is requested that 180 days be excluded from the computation of the Speedy Trial Act clock, thereby extending the deadline for the filing of pre-trial motions and the currently scheduled trial dates. Undersigned counsel believes that the ends of justice are best served by the granting of a 180-day continuance pursuant to 18 U.S.C. § 3161(h)(7)(A) and that such interests outweigh the best interest of the public and Mr. Jani in a speedy trial.

23.     Undersigned counsel conferred with the government about the instant motion.  Assistant United States Attorney Martha Paluch expressed no objection to the instant request.

III.     **Standard for Continuances**

A.     **Statutory Factors**

24.      Title 18 U.S.C. §3161(h)(7)(A) provides that a Court shall exclude a period of delay from computing the time within which a trial must commence where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

25.     The three pertinent factors that apply to an "ends of justice" finding in the present case include:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable

6

to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

. . . .

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

18 U.S.C. §3161(h)(7)(B). *See also United States v. Toombs*, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

26.     Mr. Jani believes each of the three identified provisions above could be applicable here, supporting the request made herein.

**B.     Case Law Factors**

27.      In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider. *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance. *See id*. No single factor is determinative. *See id*.

28.     The decision to grant an "ends of justice" continuance is within the sound discretion of the Court and is reviewed under an abuse of discretion standard. *Toombs*, 574 F. 3d at 1262.  "Adequate preparation time is a clearly permissible reason for

granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F. 3d 1431, 1435 (10th Cir. 1998). The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure that the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States*, 130 S. Ct. 1390 (2010).

**IV.   Argument**

29.     This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*. Accordingly, undersigned counsel requests that this Court continue the trial, vacate current deadlines, and exclude 180 days from the speedy trial calculations.

30.     This case does support a finding of complexity under subsections (h)(7)(B)(ii) or (iii). Further, this case supports a determination that the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice" and "would deny counsel for the defendant . . . reasonable time necessary for effective preparation." 18 U.S.C. §3161(h)(7)(B)(iv).

31.     Undersigned counsel requires 180 days to complete the tasks identified above, including organizing and reviewing the voluminous discovery, meeting with and advising Mr. Jani, engaging in further discussion with the government, preparing appropriate pre-trial motions, and preparing for trial.

32.     Applying the *West* factors:

a.     The defense has exercised diligence. Counsel and his office have devoted time and resources to Mr. Jani's case, including beginning to organize and

8

review discovery, conferring with Mr. Jani, and conferring with government counsel. Nevertheless, additional time will be needed in order to effectively represent Mr. Jani. Simply stated, additional time will be required to effectively represent him at trial and pre-trial motions (if such are necessary), or to effectively assist him in knowingly and intelligently deciding whether to enter into a plea agreement (if applicable).

      b.      It is anticipated that granting the requested continuance will accomplish counsel's need for additional time. If granted, counsel believes he will have the necessary time to complete a review of discovery and investigate Mr. Jani's case. Thus, the continuance, if granted, would accomplish the purpose underlying the need for the continuance.

      c.      The government does not object to the defense's request for a continuance. Counsel does not presume in any given instance that the Court would or would not be inconvenienced by a requested continuance. Counsel does not intend inconvenience to this Court and knows of no particular aspect of this request which would cause such a problem. As always, counsel is happy to cooperate with the Court to lessen the chance of inconvenience.

      d.      The final *West* factor is the need asserted for the continuance, and the harm that the defendant might suffer as a result of a denial. The need for the continuance is described throughout this motion. Without the requested continuance, defense counsel will be unable to adequately prepare the case, conduct a complete investigation, file appropriate motions (if necessary), or advise Mr. Jani. Without the exclusion of a period of time from the speedy trial calculations, defense counsel will be

unable to provide effective assistance of counsel, and Mr. Jani's right to be effectively represented in these proceedings will be seriously damaged.

33.     The failure to grant the requested continuance in the present case would result in a miscarriage of justice and would also deny undersigned counsel the reasonable time necessary for effective preparation pursuant to 18 U.S.C. §3161(h)(7)(B)(i) and (iv).

WHEREFORE, Mr. Jani respectfully requests that this Court issue an Order excluding 180 days from the speedy trial time limitations and extending the applicable pretrial deadlines.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ David E. Johnson
DAVID E. JOHNSON
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
David_johnson@fd.org
Attorney for Defendant

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 23, 2022, I filed the foregoing ***Defendant's Unopposed Motion to Exclude One Hundred Eighty (180) Days from the Speedy Trial Act and to Extend Pretrial Motions Deadline*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail address and all parties of record:

Martha A. Paluch, Assistant United States Attorney
E-mail:  martha.paluch@usdoj.gov

I hereby certify that I have mailed or served the document or paper to the following participant in the manner (mail, hand-delivery, etc.) indicated next to the participant's name:

Dhruv Jani (via U.S. mail)

s/ David E, Johnson
DAVID E. JOHNSON
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
David_johnson@fd.org
Attorney for Defendant