IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00202-RM-01

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.      DHRUV JANI,

        Defendant.

_____

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE FOR A PERSONAL MONEY JUDGMENT AGAINST DEFENDANT DHRUV JANI**
_____

COMES NOW the United States of America, by and through United States Attorney Cole Finegan and Assistant United States Attorney Laura B. Hurd, pursuant to 18 U.S.C. § 982(a)(1) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, and moves this Court to enter a Preliminary Order of Forfeiture for a Personal Money Judgment in the amount of restitution to be determined at sentencing.

In support, the United States sets forth the following:

**I.    Procedural Background**

1.    On July 20, 2022, a Superseding Indictment was filed charging defendant Dhruv Jani in Count One, with conspiracy to commit money laundering (concealment) in violation of 18 U.S.C. §§ 1956(h) and 1956(a)(1)(B)(i); in Counts Two through Six, with money laundering (concealment) and aiding and abetting the same in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2; and in Count Seven, with interstate transmission of a threatening communication, in violation of 18 U.S.C. § 875(c). (ECF Doc. 13).

    2.       The Superseding Indictment also sought forfeiture in the form of a personal money judgment against defendant Dhruv Jani, pursuant to 18 U.S.C. § 982(a)(1), in the amount of the value of the property involved in the offenses charged in Counts One through Six.  (ECF Doc. 13, p. 12).

    3.       On April 18, 2023, the United States and defendant Dhruv Jani entered into a Plea Agreement.  (ECF Doc. 127).  The Plea Agreement provided that defendant would plead guilty to Count One of the Superseding Indictment and agreed not to contest forfeiture.  *Id.* at p. 2. The defendant also agreed to the entry of a preliminary order of forfeiture for a personal money judgment.  Specifically, the defendant agreed to forfeit to the United States a money judgment in the amount of proceeds obtained by the conspiracy.  *Id.* at p. 7.  The Plea Agreement provides an ample basis for an order of forfeiture pursuant to 18 U.S.C. § 982(a)(1).

**II.**    **Argument**

    4.       Pursuant to 18 U.S.C. § 982(a)(1), the Court shall order criminal forfeiture of any property, real or personal, involved in 18 U.S.C. § 1956(h) and 1956(a)(1)(B)(i), or any property traceable to such property.

    5.       Pursuant to Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, the Court must determine what property is subject to forfeiture as soon as practicable after a plea of guilty.  When a personal money judgment is sought, "the court must determine the amount of money the defendant will be ordered to pay."  Fed. R. Crim. P. 32.2(b)(1)(A).  Once the property is determined to be subject to forfeiture, the Court "must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment."  Fed. R. Crim. P. 32.2(b)(2)(A).

6.      It is mandatory that the Preliminary Order of Forfeiture is entered "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant." Fed. R. Crim. P. 32.2(b)(2)(B).

7.      However, under Fed. R. Crim. P. 32.2(b)(2)(C), if the court cannot identify the specific amount of a money judgment prior to sentencing, the Court may describe the property in general terms and the Preliminary Order can state it will be amended under Fed. R. Crim. P. 32.2(e)(1).

8.      As set forth in the Plea Agreement, the evidence establishes that, beginning in January 2020, defendant Dhruv Jani and co-defendants conspired to launder proceeds from a government official imposter scheme, wherein victims were contacted by phone and coerced into believing that they were under investigation by "agents" of the FBI, SSA, DHS, Treasury, or DEA. The victims were often told that their arrest and/or deportation from the United States had been ordered by law enforcement and was imminent, and that the only way to avoid arrest was to pay the "Government" large sums of money as instructed. The "agent" then convinced the victim to package the cash in a specific manner and ship the cash to an alleged government official via FedEx or USP. (ECF Doc. 127, p.11-12). As part of the scheme, fake IDs were used to pick up packages of cash, purchase money orders, and deposit those money orders into third-party accounts. The government asserts that the defendant coordinated the receipt and pickup of packages and operated in a management role overseeing co-defendants Witte and Henderson, who both used fraudulent identity documents to pick

up the packages. *Id*. at 12. The government believes that it has identified fifty-seven victims of this scheme who mailed packages to Colorado. *Id.*

The 57 victims mailed, or attempted to mail, approximately $1.6 million to the defendants in Colorado. Many of these same victims were also directed to mail packages of cash and gift cards to individuals in other states. The defendant has reserved the right to contest this amount at sentencing. *Id*. at 23.

9. Because the scope of the loss and restitution is in dispute (*see* ECF Docs. 132, 140), but will be determined at sentencing, the government is requesting a forfeiture money judgment in the amount of restitution to be determined at sentencing. The amount of restitution will reflect the amount of proceeds and other property involved in the money laundering transactions.

10. Accordingly, a forfeiture money judgment in the amount of restitution to be determined at sentencing, which represents the property and proceeds involved in the commission of the offense in Count One, should be entered against the defendant pursuant to 18 U.S.C. § 982(a)(1).

WHEREFORE, the United States moves this Court to enter the Preliminary Order of Forfeiture for a Personal Money Judgment tendered herewith, for the reasons set forth above.

DATED this 15th day of September 2023.

        Respectfully submitted,

        COLE FINEGAN
        United States Attorney

By: s/*Laura B. Hurd*
Laura B. Hurd
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California Street, Ste. 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
E-mail: laura.hurd@usdoj.gov
*Attorney for the United States*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of September 2023, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notice to all counsel of record.

s/ *Sheri Gidan*
FSA Federal Paralegal
Office of the U.S. Attorney

5